IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMRO ELANSARI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-4000 |
| | : | |
| WILLIAM P. BARR, *et al.*, | : | |
|     Defendants. | : | |

### MEMORANDUM

**SLOMSKY, J.**                                                                                         **AUGUST 24, 2020**

Plaintiff Amro Elansari filed this civil rights action against state, federal, and private actors based on his belief that state and federal authorities should have prosecuted individuals responsible for inflammatory posts on the internet. He also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1). For the following reasons, the Court will grant Elansari leave to proceed *in forma pauperis* and dismiss his Complaint as frivolous.

### I.     FACTUAL ALLEGATIONS[1]

Elansari named the following Defendants in this civil action: (1) the United States of America; (2) Attorney General William P. Barr; (3) the Federal Bureau of Investigation; (4) federal agent Luke Church; (5) the Honorable Nitza I. Quiñones Alejandro (identified as "the Federal Eastern District Court District Judge Quinonez"); (6) the Commonwealth of Pennsylvania; (7) "West Goshen Police, represented by Officer Andrew Manko"; (8) Ryan Maticolla; and (9) Adam Rahuba. Elansari alleges that Defendants Maticolla and Rahuba are

---

[1] The following allegations are taken from Elansari's Complaint and from public dockets. It appears Elansari submitted two copies of his Complaint, both of which were docketed. (*Compare* ECF No. 2 *with* ECF No. 2-1.)

among a group of individuals who have posted extreme, unrealistic, or false opinions about political and racial issues online, causing others to become angry and hateful. (Compl. ECF No. 2 at 2.)[2] Elansari suggests that the online posts are intended to harass and incite hate, and believes that Maticolla and Rahuba should be prosecuted for the posts. Although Elansari has contacted local and federal authorities, no criminal charges have been filed against Maticolla and Rahuba.

Based on those allegations, Elansari raises constitutional claims pursuant to 42 U.S.C. § 1983 (incorrectly cited as 18 U.S.C. § 1983). He presumably raises his constitutional claims against the federal Defendants pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Elansari alleges that "the doctrine of absolute prosecutorial discretion," and in particular, the failure of state and federal law enforcement agencies to prosecute Maticolla and Rahuba, violates his substantive due process rights. (ECF No. 2 at 1.) He also alleges that having to pay taxes to fund local and federal law enforcement violates his substantive due process rights, apparently because of the failures to prosecute. (*Id.* at 4.) Elansari seeks a declaration that the prosecutorial discretion and prosecutorial immunity afforded to law enforcement violates his substantive due process rights, a declaration that Maticolla and Rahuba have violated federal law, mandamus relief in the form of prosecution of Maticolla and Rahuba for their alleged crimes, and unspecified compensatory and punitive damages.

This is not the first lawsuit Elansari filed based on the non-prosecution of individuals responsible for online posts. Approximately two weeks before he filed his Complaint in the instant matter, Elansari filed a petition for a writ of mandamus in which he sought to compel

---

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

prosecution of individuals who posted inflammatory posts on local Facebook pages. *See Elansari v. F.B.I.*, E.D. Pa. Civ. A. No. 20-3593. In a July 30, 2020 Memorandum and Order, Judge Quiñones granted Elansari leave to proceed *in forma pauperis* and dismissed his mandamus petition as frivolous. Judge Quiñones thereafter denied Elansari's request for reconsideration. Judge Quiñones's dismissal of Elansari's mandamus petition appears to the impetus for her inclusion as a Defendant in the instant lawsuit. (Compl. ECF No. 2 at 4 & 8.)

## II.     STANDARD OF REVIEW

The Court will grant Elansari leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, Elansari's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i), which requires the Court to dismiss the Complaint if it frivolous or malicious. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Elansari is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

There are several reasons why Elansari's claims are legally baseless. The Court will enumerate the primary reasons below.

First, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). So, to the extent Elansari is bringing *Bivens* claims against the United States and/or the F.B.I, his claims lack a legal basis. Second, the Commonwealth of Pennsylvania is entitled to Eleventh Amendment immunity from suits under § 1983 and is not considered a "person" subject to liability under that statute. *See*

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).  Third, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction, meaning that Judge Quiñones is absolutely immune from claims based on her dismissal of Elansari's mandamus petition.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).  Fourth, the government's failure to protect a plaintiff from harm caused by a third party does not, without more, violate the Due Process Clause.  *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989).  Fifth, "there is no constitutional right to the investigation or prosecution of another."[3]  *Sanders v. Downs*, 420 F. App'x 175, 180 (3d Cir. 2011) (per curiam); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (explaining that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  Sixth, private individuals such as Maticolla and Rahuba are not subject to liability under § 1983.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").  Seventh, mandamus relief is improper here.  *See Bailey v. Brandler*, 726 F. App'x 108, 109 (3d Cir. 2018) (per curiam) ("Mandamus relief is unavailable here because the decision of a United States Attorney

---

[3] It is also highly unlikely that any *Bivens* remedy exists against Agent Church or Attorney General Barr here for their non-prosecution of Maticolla and Rahuba.  *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) ("[T]he Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity"); *Vanderklok v. United States*, 868 F.3d 189, 199 (3d Cir. 2017) (the Supreme Court has only recognized a *Bivens* remedy in a handful of contexts and "has plainly counseled against creating new *Bivens* causes of action").  Any claims against those individuals in their official capacities fail for the same reason Elansari's claims against the United States fail.

to prosecute a person is discretionary." (citing *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2d Cir. 1973)); *See Harman v. Datte*, 427 F. App'x 240, 243 (3d Cir. 2011) (observing that the district court properly rejected a request for mandamus relief because, "to the extent [plaintiffs] sought mandamus relief in their complaint, 28 U.S.C. § 1361 only affords a remedy against persons who are employees or officers of the United States and neither of the defendants fall in these categories."). In sum, Elansari has not articulated any non-frivolous basis for a constitutional claim against any of the Defendants.

    The legal concepts discussed above should not be new to Elansari. A review of public records reflects that this is the fifteenth case he filed in this Court in a period of less than two years, and that several of Elansari's prior cases were dismissed for the same reasons his current case fails.[4] *See Elansari v. Pennsylvania*, Civ. A. No. 20-3895, 2020 WL 4735494, at *1 (E.D. Pa. Aug. 14, 2020) (dismissing complaint against the Commonwealth because "[t]he Eleventh Amendment bars suits against a state in federal court when the state has not waived that

---

[4] *See Elansari v. Commonwealth of Pa.*, E.D. Pa. Civ. A. No. 20-3895 (dismissed as frivolous); *Elansari v. F.B.I.*, E.D. Pa. Civ. A. No. 20-3593 (dismissed as frivolous); *Elansari v. Kearney*, E.D. Pa. Civ. A. No. 20-914 (dismissed as frivolous); *Elansari v. Jagex*, E.D. Pa. Civ. A. No. 20-423 (dismissing case as barred by *res judicata*); *Elansari v. Ramirez*, E.D. Pa. Civ. A. No. 19-6198 (dismissed as frivolous), *aff'd* 3d Cir. No. 20-1079 (Aug. 19 2020 Judgment); *Elansari v. Phila. Municipal Ct.*, E.D. Pa. Civ. A. No. 19-6197 (dismissed as frivolous), *aff'd* 3d Cir. No. 20-1078 (Aug. 19, 2020 Judgment); *Elansari v. Ruest*, E.D. Pa. Civ. A. No. 19-3609 (dismissed as frivolous and for failure to state a claim on screening), *aff'd* 3d Cir. No. 19-3021 (Mar. 10, 2020 Judgment); *Elansari v. Altria*, E.D. Pa. Civ. A. No. 19-3415 (complaint dismissed without prejudice for failure to state a claim on screening), *aff'd* 3d Cir. No. 19-3177 (Mar. 25, 2020 Judgment); *Elansari v. Jagex, Inc.*, E.D. Pa. Civ. A. No. 19-3006 (dismissed on screening), *aff'd* 3d Cir. No. 19-2696 (Jan. 22, 2020 Judgment); *Elansari v. Passhe*, E.D. Pa. Civ. A. No. 19-3005 (dismissed without prejudice on screening); *Elansari v. Tinder*, E.D. Pa. Civ. A. No. 19-3003 (dismissed on screening for lack of jurisdiction), *aff'd* 3d Cir. No. 19-2789 (Nov. 14, 2019 Judgment); *Elansari v. Savage*, E.D. Pa. Civ. A. No. 19-787 (dismissed on screening); *Elansari v. Univ. of Pa.*, E.D. Pa. Civ. A. No. 19-786 (dismissed on screening), *aff'd* 3d Cir. No. 19-2043 (July 17, 2019 Judgment); *Elansari v. Golf Club Apartments*, E.D. Pa. Civ. A. No. 18-4171 (dismissed for failure to prosecute)

immunity" and the Commonwealth "is not considered a 'person' for purposes of § 1983"); *Elansari v. F.B.I.*, Civ. A. No. 20-3593, 2020 WL 4365604, at *2 (E.D. Pa. July 30, 2020) (no basis for mandamus to compel prosecution); *Elansari v. Kearney*, Civ. A. No. 20-914, 2020 WL 887917, at *2 (E.D. Pa. Feb. 24, 2020) ("Because the factual basis for Elansari's lawsuit is Judge Kearney's rulings in his cases against Jagex, Judge Kearney is entitled to absolute judicial immunity from these claims."); *Elansari v. Ramirez*, Civ. A. No. 19-6198, 2020 WL 85967, at *2 (E.D. Pa. Jan. 6, 2020) (explaining to Elansari that the Due Process Clause is not violated by law enforcement's failure to prosecute a third party and that he has no constitutional right to a prosecution), *aff'd*, No. 20-1079, 2020 WL 4814231 (3d Cir. Aug. 19, 2020); *Elansari v. Philadelphia Mun. Court*, Civ. A. No. 19-6197, 2020 WL 61264, at *2 (E.D. Pa. Jan. 6, 2020) (explaining that § 1983 requires a constitutional violation by a state actor and also discussing judicial immunity), *aff'd*, No. 20-1078, 2020 WL 4814071 (3d Cir. Aug. 19, 2020); *Elansari v. Ruest*, Civ. A. No. 19-3609, 2019 WL 3936358, at *2 (E.D. Pa. Aug. 19, 2019) (discussing sovereign immunity and judicial immunity in dismissing Elansari's claims), *aff'd,* 796 F. App'x 763 (3d Cir. 2020).  In light of this pattern of filing activity, the Court places Elansari on notice that filing baseless lawsuits may result in restriction of his filing privileges, including restrictions on his ability to file *in forma pauperis*.  *See Abdul-Akbar v. Watson*, 901 F.3d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process.").

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Elansari leave to proceed *in forma pauperis* and dismiss his Complaint as legally frivolous.  An Order follows.

**BY THE COURT:**

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**
